341-15      342-15

No. 05-13-00978-CR

05-13-00979-CR

In the Court of Criminal Appeals of Texas

Austin Texas

ORIGINAL

Roy Curtis Stuart Jr. Pro Se Appellant

V.

The State of Texas Appellee

Appeal in cause No F13-52718-Y & F13-52719-Y

From 7th District court of Dallas County, Texas

Petition For Discretionary Review

Roy Curtis Stuart Jr. Pro Se Appellant

H.H. Coffield Unit

2661 FM 2054

Tennessee Colony, Texas 75884

FILED IN

COURT OF CRIMINAL APPEALS

MAY 29 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 29 2015

Abel Acosta, Clerk

## Identity of Parties Judges and Counsel

Roy Curtis Stuart Jr. Pro Se Appellant
Texas Department of Criminal Justice
Coffield Unit, 2661 FM 2054 - Tennessee Colony, Tx 75884

Judge at Trial Mike Snipes
7th District Court
Dallas County, Texas

Riann C. Moore Attorney For Appellant
133 N. Riverfront Blvd. LB-2
Dallas, Texas 75207

Sharita Blackwall - Attorney for Defendant at Trial
5001 Spring Valley Rd. Suite 400 East
Dallas Texas 75244

Hillary Wright - Assistant District Attorney - Trial Court
Dallas, County Texas
Bar. No 24056901

Pg 3

# Table of Contents

Cover Letter          pg 1

Identity of Parties And Counsel pg 2

Index of Authorities   pg 4

Statement of case      pg 5

Statement of procedural History  pg 6

Appellants Response to Andees Brief   pg 7

Non Frivolous issues presented   pg 8

Statement of Facts    pg 8

Point of error number one pg. 9

Summary of argument pg. 9

Argument          pg. 9 -15

Prayer for relief pg 16

penalty of perjury pg 17

PS 4

## Index of Authorities

Anders v. California 786 U.S. 738, 87 S.Ct. 1396
(1967)

Clewis v. State, 922 S.W. 2d 126. 133-135 (Tx. Cr. App. 1996)
High 573 sw 2d 812

Jeminez v. State, ND. 10-04-00310-CR, 2005 LWC-9352
   (Tex. App-Waco December 14, 2005, No pet.)

Johnson v. State, 885 s.w. 2d 641 (Tx. App-Waco 1994) Id. At 645

Klein v. State No 2-03-390-CR. 2006 LWC 2883 (Tex App.-Ft. Worth
April 6, 2006, No pet.)

McCoy v. Court of Appeals, 108 S.ct 1985 (1988)

Meza v. State, 206 s.w. 3d 684 (Tx. Cr. App. 2006)

In Re Schulman, 252 s.w. 3d 403 (Tx. Cr App. 2008)

Stafford v. State, 813 s.w. 2d 503, 510 N.3 (Tx. Cr. App. 1991)

Stewart, Jr. v. State, No. 08-04-00272-CR. 2006 LWC 1482
(Tex-App-El Paso February 23, 2006, No pet.)

Zuniga v. State, 144 sw 3d 477 (Tx. Cr. App 2004)

## Statement of Case

February 19th 2013 Appellant was arrested for Agg Assualt with/Deadly weapon, Unlawful possession of firearm, and possession w/intent to deliver heroin. March 21 2013 Agg Assault was No billed. On July 8th jury trial commenced. July 10th 2013 jury found Appellant guilty and sentenced to 45 yrs TDC on unlawful possession of firearm and 20 yrs TDC. for possession w/intent to deliver a controlled substance heroin. Prosecuting Attorney was Hillary Wright counsel for defendant Sharita Blacknall Appellant filed Notice of Appeal July 10 2013.

## Statement of Procedural History

July 10th 2013 - Notice of Appeal was filed

September 19th 2014 - Attorney Riann C Moore filed Anders brief asking to be removed from case as Attorney

October 27th - Appellant filed motion to answer Anders brief

October 31st 2014 - motion granted until December 31st 2014

January 14th 2015 - Court determined oral argument will not significantly aid legal and factual issues of appeal. Will be submitted Feb. 20 2015.

Febuary 25 2015 - court grants Riann C. Moore leave to withdraw as counsel.

Febuary 25 2015 - Memorandum opinion judgment Affirmed

## Appellants response to Anders Brief

The Appellant was denied the effective assisstance of counsel on his first direct appeal in violation of the sixth and fourteenth amendments.

In Texas, the rules for writing an Anders Brief are court created and thus must be gleaned from case law dating back to Anders v. California, 386 U.S. 738, 87 s. ct. 1396 (1967). Texas follows the Anders procedure. See; In Re Schulman, 252 s.w. 3d 403 (Tx. Cr. App. 2008), And Meza v. State 206 s.w. 3d 684 (Tx. Cr. App. 2006). An appeal is wholly frivolous, or without merit for the purpose of Attorneys motion to withdraw on grounds that the appeal is wholly frivolous when it lacks any basis in law or fact. McCoy v. Court of Appeals, 108 S.ct. 1985 (1988). However, Texas courts stress that any point which is arguable on the merits is by definition, not frivolous, See; Johnson v. State 885 s.w. 2d 641 (Tx. App.-Waco 1994) Id. At 645 (Relying on Anders, 386 u.s. At 744, 87 S.ct. At 1400 as applied in Texas, the ultimate test of a frivolous appeal brief is whether it contains a professional evaluation of the record, demonstrating why in affect, there are no arguable grounds to be advanced. Stafford v. State, 813 s.w. 2d 503, 510 N. 3 (Tx Cr. App. 1991) High 573 s.w. 2d 812.

Under Anders, Appellate counsel must conduct a conscientious examination of the case before seeking permission to withdraw from a case, and that request must be accompanied by a brief to the appellate court referring to anything in the record that might arguably support the appeal; the appellate court must then conduct a full examination of all the proceedings to decide whether the case is wholly frivolous. Id.

Actions of Appellate counsel, in filing Appellate brief state that she could find no issue " evidencing reversable error", was functional equivalent of withdrawing from representation without complying with requirements of Anders, And although counsel complied with Mississippis Killingsworth procedure, that procedure failed to afford adequate and effective Appellate review to indegent defendents, So defendant was constructivly denied Appellate counsel. And prejudice presumed U.S.C.A. Constitutional Amend. 6-14.

Attorney Rinnn C Moore counsel for Appellate on Appeal Represented to Appellant that, " After reviewing the Appellants record in Appellants case, As well As Applcable case law, it is her opinion that no arguable points or issues are presented and that yore Appeal is frivolous. " Again, Appellate counsel Represented to Appellant who is a layman of the Law to review the record of his case and file a brief that he deem necessary on his on behalf.

## Non-Frivolous issues Presented

The sole issue in this case was the evidence factually sufficent to support A finding of guilt beyond A reasonable doubt.

## Statement of Facts

On the Night of February 19th 2013. Appellant and other people were in the Apartment where he was the caretaker of, getting high when the Dallas Police Department Knocked on door, and when the Appellant opened the door the officers snatched him out of the Apartment, hand cuffed him and placed him inside the police car. Without reading him his Miranda rights Appellant was placed under Arrest, he alone with Another companion who were inside of the Apartment. Appellant was charged with felon in possession of a firearm and possession of controlled substance

with intent to deliver.

### Point of Error Number One.

Evidence presented in this case was factually insuffient to support a finding of guilt beyond a reasonable doubt.

### Summary of Argument

Appellant challenges the factual sufficiency of the evidence that was used to convict him in this case. First, there was some evidence that supported the verdict but it was to weak to support the finding of guilt beyond a reasonable doubt. Second, in the alternative, there was both evidence supporting the verdict and evidence contrary to the verdict and the contrary evidence was so stemg that the reasonable doubt standaed could not have been met.

### Argument

Appellants point of error number one consists of a challenge to the factual sufficiency of the evidence that was used to convict him in this case. The standaed of review for challenge to the factual sufficiency of the evidence was set foeth in detail by the Texas Court of criminal Appeals in Zuniga v. State, 144 s.w. 3d 477 (Tx. Cr. App. 2004). In Zuniga, the court stated that;

There is only one question to be answered in a factual-sufficiency review; considering all of the evidence in a neutral light, was the jury rationally justified in finding guilt beyond a reasonable doubt? However, there are two ways in which the evidence may be sufficient. First, when considering by it self, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Second, there may be both evidence supporting the verdict

and evidence contrary to the verdict. Weighing all the evidence under this balancing scale, the contrary evidence may be strong enough that the reasonable doubt standard could not have been met, so the guilty verdict should not stand. This standard acknowledges that evidence of guilt can be preponderate in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt. Stated another way, evidence supporting guilt can out-weigh the contrary proof and still be factually insufficient under a beyond-a-reasonable doubt standard Id. at 484-485

It it is determined that the evidence is factually insufficient, the case should be remanded to the trial court for a new trial. Clewis v. state, 922 sw. 2d 126. 133-135 (Tx cr. App. (1996).

In the present case, Appellant was charged possession of firearm by a felon; and possession of a controlled substance with intent to deliver.

The indictment for unlawful possession of a firearm by a felon as prescribed by Tex. pen code Ann 46.05 (CR1:5). "possession" means actual care, custody, control, or management "firearm" means any device designed, made or adapted to expel a projectile through a barrel by energy generated by an explosion or burning substance or any device readily convertible to that use.

In response to the charge, Appellant argued that he did not possess a firearm and appellant asserts that no witness at trial were able to testify that they even saw appellant with a firearm. The only evidence at trial that would incriminate appellant would be the alleged self-pedigreed confession that appellant considers

to be contrary to his not guilty plea. Officer testified that appellant did not have any weapons on him (RR 18-19: 25. 1-2) other evidence that were contrary to the verdict was that there were other people in the house. (RR. 19: 3-12) Q And then you determined that there were other people in the house. A. correct. Q. And you asked them to come outside. A. yes man' Q. And how many people came outside? Do you remember? A. Approximate number? Five to six total were in that apartment.

The indictment for possession of a controlled substance with intent to deliver 481.115 Health and safety code. A person commits the offense of possession of a controlled substance with intent to deliver if he knowingly possesses a controlled substance with the intent to deliver the said controlled substance. controlled substance substance means a substance, namely Heroin, including any adulterants or dilutants. The term includes aggregate weight of any mixture, solution, or other substance, regardless of its effect on the chemical activity of the controlled substance.

In response to the charge, Appellant argued that he is a drug addict (RR 13:22) He seemed like he was strung out. testimony by officer Guiwn. Again in the punishment phase appellant testified on examination by ms. Blacknall Q. Now the date of this offense, February 19th of 2013 you heard the officers testify about the fact you looked like you were strung out and that you had this, I guess white foam around your mouth or whatever, is that true? A. yes, ma'am. Q. Had you been using drugs that day? A. yes ma'am Q. What had you been using

that day? A. cocaine and Heroin. (RR. 18: 9-18).

Therefore, the state was required to prove beyond a reasonable doubt both that Appellant intentionally, Knowingly, possess with intent to deliver a controlled substance, namely heroin In this Regard, the state called nine witnesses who were unable to testify that they saw appellant transfer actually or constructively, to another a controlled substance. The states witness Sandra Bordelon testified to the fact that Appellant lived in Apt. 218 (RR. 55: 23) The next witness the state called officer Enriquez who testified that the call comments were that there was a disturbance, active shooter on foot (RR. 60: 17-18). Not a drug deal or of that nature. Officer Enriquez also testified that A. I observed a very plain apt. There was a couch, a TV, an X-box, a big wooden table with a lot o junk on it. And, I mean, from my experience and training, I could tell that there was narcotics on it, there was drug paraphernilla associated with the Heroin (RR. 74: 7-11). cross examination officer Enriquez testified Q. did you see defendant with drugs in his hands? No ma'am, I didn't Q Did you see the defendant give drugs to anyone? No ma'am I didn't. Q. Did you find drugs on his person? A. No ma'am I didnt (RR. 98: 66-22) The next witness, officer Guinn on cross examination: Q all right then. And were you the one who tested the drugs? yes ma'am Q. And you were the one that weighed it A. yes ma'am Q. and they came out to be less than a gram of Heroin; is that Right? A. If thats what the drug tech says, then thats correct ma'am Q. all right

and less than a gram is a very small amount; is that right? A. Its a usable quantity. Q. Okay for an individual. A. yes (RR. 126:5-18) There were other such witnesses such as Kelly Conrad, Mr. Seacat, Tommy LeNoir, Margaret Brown, Officer Ramirez, Joshua Romero, and Marcella St. John. Appellants attorney did not call any witnesses in regards to this case because the trial attorney believed the state failed to prove its case beyond a reasonable doubt, therefore, Motioned for Directed Verdict (RR. 200, 201 14-25; 1-5).

In order to return a verdict of guilty in this case, the jury was required to find beyond a reasonable doubt that appellant committed unlawful possession of a firearm under Tex. pen. code ana 46.05 and possession of controlled substance with intent to deliver Art. 481.115 Health and Safety code. Considering all the evidence in neutral light, was the jury Rationally justified in finding guilt beyond a reasonable doubt? Zuniga at 484. To conduct a proper review in this Regard the appellant court must examine all the evidence. Klein v. state, No. 2-03-390 CR, 2006 CWC 2583 (TX. App.- Ft. Worth April 6, 2006, No pet.).

In the present case applying the standard of review described in Zuniga and after examining all the evidence, it is clear that the evidence is factually insufficient to support the beyond a reasonable doubt Standard. The evidence supporting the verdict was too weak to support a finding of guilt beyond a reasonable doubt. The state produced nine witnesses and neither witness were able to testify to the fact they saw appellant with fire arm, nor were the states witness able to testify that they saw appellant transfer, offer

to sell or deliver a control substance.

If, in the alternative, the evidence supporting the verdict was not too weak to support a finding of guilt beyond a reasonable doubt, then there was evidence both supporting the verdict and contrary to the verdict and under the balancing scale described in Zuniga, the contrary evidence in this case was so strong that the beyond a reasonable doubt standard could not have been met. Zuniga at 485.

Weighing both the evidence supporting the verdict and the contrary evidence, it is clear that the evidence supporting guilt was at most "preponderate" in favor of conviction but still insufficient under beyond a reasonable doubt standard.

In Jiminez v. State, No. 10-04-00310 CR, 2005 LWC-9352 (Tx. App. Waco December 14, 2005 no pet.) (not designated for publication), this appellate court applied the balancing scale test in Zuniga and found that the evidence was factually insufficient to support the verdict. However, in Jiminez the only evidence contrary to the verdict was that the defendant was not the owner of the car in which drugs were found. Id. On the other hand, the evidence supporting the verdict was: ① defendant was sole occupant of car; ② the contraband was in the car within easy reach; ③ drug paraphernilla was found in defendant's purse; ④ Needle marks were seen on her arms; ⑤ she gave conflicting stories about her name and why she was there; ⑥ two officers testified she appeared to be under the influence of narcotics. Id. Therefore, the evidence supporting the verdict was overwhelming instead of a mere preponderate.

Jimenez can be distinguished from the present case, where the evidence supporting the verdict and the evidence contrary to the verdict are almost equal weight.

In Stewart Jr. v. State, No. 08-04-00272-CR 2006 LWC 1482 (Tx. App El Paso Febuary 23 2006, no pet.) El Paso court of Appeals applied the Zuniga standard of review to determine the factual sufficiency of the evidence in this case. Having first determined that evidence was legally sufficient, the court went on to say we reach a different result regarding the factual sufficiency of the evidence, This same evidence, viewed neutrally, without favoring either side, provides far too teneous a connection to affirmatively link Appellant to the meth amphetamine and is so too meager to support a finding of guilt beyond a reasonable doubt. Id. at 6

In the present case, when all the evidence both supporting the verdict and contrary to the verdict, is viewed neutrally, without favoring either side, the contrary evidence is so strong that beyond a reasonable doubt standard cannot be met. At most the evidence supporting the verdict is merely a preponderate but is still insufficient to prove the required elements beyond a reasonable doubt.

## Prayer for Relief

For the reasons herein alleged, the judgement of conviction against appellant should be reversed and Appellant granted a new trial

Respectfull submitted

Roy Curtis Stuart Jr pro se
1870250
Coffield Unit
2661 FM 2054
Tennessee Colony Tx 75884

Penalty of Perjury

I Roy Curtis Stuart Jr. pro se Appellant #1870750 presently incarcerated At the H H Coffield Unit in Anderson County, Texas in the Texas Department of criminal Justice Institutional division do hereby declare under penalty of perjury that the information herein is true and correct to my beliefs and Knowledge signed this May 25th 2014

Roy Stuart pro se

Affirmed and Opinion Filed February 25, 2015



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-13-00978-CR
No. 05-13-00979-CR

**ROY CURTIS STUART, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause Nos. F13-52718-Y, F13-52719-Y

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Brown
Opinion by Chief Justice Wright

A jury convicted Roy Curtis Stuart, Jr. of unlawful possession of a firearm by a felon and possession with intent to deliver heroin in an amount less than one gram. *See* TEX. PENAL CODE ANN. § 46.04(a) (West 2011); TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (b) (West 2010). The jury found two enhancement paragraphs true in each case, and assessed punishment at forty-five years' imprisonment on the firearms offense and twenty years' imprisonment on the heroin offense.

On appeal, appellant's attorney filed a brief in which she concludes the appeals are wholly frivolous and without merit. The brief meets the requirements of *Anders v. California,*

386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

Appellant filed a pro se response raising several issues After reviewing counsel's brief, appellant's pro se response, and the record, we agree the appeals are frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We find nothing in the record that might arguably support the appeals.

We affirm the trial court's judgments.

Do Not Publish
TEX. R. APP. P. 47
130978F.U05

/Carolyn Wright/
_____
CAROLYN WRIGHT
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROY CURTIS STUART, JR., Appellant

No. 05-13-00978-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 7 of Dallas County, Texas (Tr.Ct.No.
F13-52718-Y).
Opinion delivered by Chief Justice Wright,
Justices Myers and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered February 25, 2015.

-3-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROY CURTIS STUART, JR., Appellant

No. 05-13-00979-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 7 of Dallas County, Texas (Tr.Ct.No.
F13-52719-Y).
Opinion delivered by Chief Justice Wright,
Justices Myers and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered February 25, 2015.

Roy Curtis Stuart #1870750
Coffield Unit
2661 FM 2054
Tennessee Colony Texas 75884

Court of Criminal Appeals of Texas
P.O. Box 12308 Capitol Station
Austin, Tx 78711